UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | |
|---|---|
| IN RE: * | |
| * | |
| SOFIA MAXMAN * | |
| * | CHAPTER 7 |
| * | CASE NO. 11-20414 |
| * | |
| Debtor * | |
| * | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**OPPOSITION OF NEW ENGLAND PHOENIX COMPANY, INC. TO
DEBTOR'S MOTIONS TO REOPEN CASE AND TO AVOID LIEN**

New England Phoenix Company, Inc. ("NEPCO") hereby opposes the Debtor's Motion to Reopen Case and to Avoid Lien (collectively, the "Motions") on the grounds that the Debtor has not given NEPCO sufficient notice and opportunity to respond to the Motions, that NEPCO is prejudiced by the reopening case because it detrimentally relied on the Debtor's original bankruptcy schedules, which have never been amended by the Debtor, that the Debtor must first seek leave to amend her schedules prior to moving to avoid NEPCO's judicial lien, and that the Debtor has failed to sustain her burden of establishing that NEPCO's judicial lien impairs her exemption.

In support of its Opposition, NEPCO states as follows:

1.  The Debtor filed a Chapter 7 bankruptcy on November 2, 2011. The Debtor was represented by counsel throughout her bankruptcy case, from commencement to closing.

2.  The Debtor's Motions were docketed by the Court on December 10, 2014.

3.  The Debtor failed to serve upon NEPCO a copy of her certificate of service with her Motion. However, a further review of the on-line docket indicates that the Debtor claims to

1

have served the Motion on NEPCO on December 10, 2014.

4. Contrary to the Debtor's Certificate of Service of the Motions, the Debtor did not serve the Motions until December 20, 2014 (See Exhibit A), and NEPCO did not received a copy of the Motions until December 22, 2014. Further, the Motion received by NEPCO consists of the first pages, with no exhibits or attachments.

5. NEPCO has not received sufficient notice of the Motions, and is forced to file this Opposition in the event the Court were to consider acting on the Motions based on the Debtor's attested-to date of service.

6. NEPCO opposes the Debtor's Motion to Reopen Case. The Debtor admittedly listed NEPCO's claim as unsecured, although the Debtor would have received notice from NEPCO years ago in a state court lawsuit of NEPCO's intent to seek a real estate attachment on her real estate interests, although the Debtor undoubtedly would have received notice from the Middlesex County Deputy Sheriff of NEPCO's recorded lien, and although NEPCO's lien is a public record.

7. Among the assets listed by the Debtor on her Schedule B was a 90% financial interest in SFA Realty, which owned commercial real estate at 351-353 Newton Street, Waltham, MA. The Debtor listed the value of said real estate at $275,000, subject to a mortgage of $200,0000. Nonetheless, the Debtor listed her interest as $0.00 because the Debtor claimed other debts of SFA consisted of real estate taxes and business loans.

8. At the time of the filing of the Debtor's schedules, NEPCO suspected that the Debtor may have undervalued her interest in SFA or otherwise may have sought to investigate the Debtor's representations of its value and debts. However, given the Debtor never sought to

avoid NEPCO's lien, and that NEPCO presumed it had an available asset (i.e. her home) from which it could receive satisfaction of its claim, NEPCO elected not to expend additional cost and resources, and never challenged the Debtor's valuation of SFA.

9. On information and belief, the commercial real estate at 351-353 Newton Street, Waltham, MA, has been sold since the bankruptcy case was closed for the sum of $350,000, and the Debtor may have received the proceeds from the sale. Since NEPCO may be forever barred from contesting that asset, it is prejudiced by the reopening of the Debtor's case.

10. NEPCO further objects to the Debtor's Motion to Avoid Lien.

11. First, as a predicate to filing a motion to avoid NEPCO's lien, the Debtor must first move seek leave to amend her schedules to alter the status of NEPCO's claim from unsecured to secured.

12. A motion to amend schedules after the closing of the Debtor's case is subject to scrutiny and analysis pursuant to Bankruptcy Rule 9006(b)(1), under which the debtor bears the burden of establishing (1) the failure to so amend before the close of the case was the result of excusable neglect , and (2) that good cause exits. *Moretti v. Bergeron et al.* (In re Moretti), 260 B.R. 602, 608 (1st Cir. BAP 2001). NEPCO is entitled to challenge the Debtor's ability to amend in the first instance.

13. Second, the Debtor's Motion to Avoid Lien fails to contain basic information necessary for NEPCO and the Court to evaluate the requested relief. The Motion fails, among other things, to identify the real estate on which NEPCO's lien was recorded, the value of the real estate, the exemption taken by the Debtor, the total of NEPCO's lien, and the total of all other liens on the real estate. Without this salient information, the Debtor has not sustain her burden of

demonstrating NEPCO's lien impairs her exemption pursuant to 11 U.S.C. Section 522(f).

WHEREFORE, NEPCO prays that the Motions be denied and that the Court enter such other relief as is just and necessary.

NEW ENGLAND PHOENIX
COMPANY, INC.
By its attorneys,


/s/ Michael H. Theodore
Michael H. Theodore, Esq. BBO# 565098
500 West Cummings Park, Suite 2350
Woburn, Massachusetts 01801
(781) 494-0200
Mtheodore@cohnanddussi.com

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MASSACHUSETTS**

```
************************************
IN RE:                             *
                                   *
SOFIA MAXMAN                       *
                                   *    CHAPTER 7
                                   *    CASE NO. 11-20414
                   Debtor          *
                                   *
************************************
```

## CERTIFICATE OF SERVICE

I, Michael H. Theodore, Esquire, hereby certify that on this 23rd day of December 2014, I caused to be served a true and accurate copy of the foregoing Opposition by ECF or by first class mail upon the following:

BY ECF

   Gary W. Cruickshank    gwc@cruickshank-law.com, ma09@ecfcbis.com
   John Fitzgerald    USTPRegion01.BO.ECF@USDOJ.GOV
   Yuri Levintoff    ylevintoff@gmail.com


BY FIRST CLASS MAIL

    Sophia Maxman
    149 Winslow Road
    Waban, MA 02468

                                       /s/ Michael H. Theodore
                                       Michael H. Theodore, Esquire